IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2005

## DOMINGO PONCE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 16234     Charles Lee, Judge**

---

**No. M2004-02257-CCA-R3-CO - Filed May 31, 2005**

---

The Petitioner, Domingo Ponce, filed a petition for *writ of error coram nobis*, which the trial court summarily dismissed. On appeal, the Petitioner contends that the trial court erred when it dismissed his petition. Finding no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Domingo Ponce, pro se, Tiptonville, Tennessee.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

On July 29, 2003, the Petitioner pled guilty to one count of kidnapping, and the trial court sentenced him to four years in prison. On August 16, 2004, the Petitioner filed a petition for *writ of error coram nobis*, alleging that his plea was involuntarily entered and that he received ineffective assistance of counsel. The Petitioner alleged that his counsel lied to him by telling him that he would be allowed to remain in the country after the completion of his sentence, when, in fact, he was going to be deported. Further, the Defendant alleged that the State withheld from the Defendant a statement from the kidnapping victim, who was also the Defendant's girlfriend, which would have impacted the Defendant's decision to enter a guilty plea. The trial court dismissed the petition stating that "on it[s] face the writ doesn't allege any newly discovered evidence." It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred because: (1) his trial counsel "explicitly promis[ed]" him that he could "go home" within a few months; (2) the State threatened that the Petitioner would spend life in prison if he failed to enter a guilty plea; (3) he was not provided an interpreter; (4) the state failed to provide him exculpatory evidence; (5) he was not given proper jail credits; (6) his counsel was ineffective; and (7) the cumulative effect of these errors created a manifest injustice.

Under certain circumstances, a criminal defendant may file for a *writ of error coram nobis*. Tenn. Code Ann. § 40-26-105 (2003). A *writ of error coram nobis* is an extraordinary remedy by which the trial court may provide relief from a judgment under narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn.1999). This remedy is available only when an unknown issue was neither addressed, nor able to be addressed, at trial and may have resulted in a different judgment. Tenn. Code Ann. § 40-26-105, State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The remedy is available by statute to a criminal defendant in Tennessee. See Tenn. Code Ann. § 40-26-105. This statute provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

When the petition addresses newly or subsequently discovered evidence, the evidence must be admissible under the rules of evidence and material to an issue raised in the petition. Hart, 911 S.W.2d at 375. The petition must state:

(1) the grounds and the nature of the newly discovered evidence;
(2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial;
(3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and
(4) the relief sought by the petitioner.

Newsome v. State, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998) (citing Hart, 911 S.W.2d at 374-75). Moreover, the decision to grant or deny a petition for *writ of error coram nobis* on the ground of newly discovered evidence rests within the sound discretion of the trial court. Hart, 911 S.W.2d at 375; see Tenn. Code Ann. § 40-26-105.

In the case under submission, we conclude that the trial court did not abuse its discretion when it dismissed the Petitioner's petition. Again, we note that the Petitioner must show that the he lacked fault in failing to present certain evidence at the proper time. In the petition, the Petitioner must state "the grounds and nature of the newly discovered evidence [and] . . . why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial." Further, he must state why he was not at fault for presenting these issues at the time of the trial or guilty plea hearing. The Petitioner asserts that: (1) his trial counsel "explicitly promis[ed]" him that he could "go home" within a few months; (2) the State threatened that the Petitioner would spend life in prison if he failed to enter a guilty plea; (3) he was not provided an interpreter; (4) the state failed to provide him exculpatory evidence, (5) he was not given proper jail credits; (6) his counsel was ineffective; and (7) the cumulative effect of these errors created a manifest injustice. Initially we note that the Petitioner has provided no citations to the record to support his arguments. Rule 10(b) of the Rules of this Court provides as follows: "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Even if not waived, the issues are without merit.

The Petitioner has not provided a transcript of the guilty plea hearing, so we are unable to examine the questions asked of the Petitioner prior to entering his plea. Under these circumstances, we must conclude that the trial court did not abuse its discretion when it found that the Petitioner was not entitled to relief on issues (1) and (2). As to issue (3), the Petitioner asserts that the trial court failed to provide him an interpreter. This is not an appropriate ground for relief pursuant to a *writ of error coram nobis*. A *writ of error coram nobis* will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial, if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The Petitioner's inability to understand English does not qualify as "newly discovered evidence relating to matters which were ligated." Furthermore, it is clear from the record that the Petitioner, who is acting pro se, is capable of writing grammatically correct and complex filings, some of which are handwritten.

Regarding issue (4), the Petitioner asserts that the State failed to provide him exculpatory evidence. He points to statements from the alleged victim and states "these statements had high probative value in determining whether to so enter a plea or go to trial." The trial court, again, did not abuse its discretion when it found that the Petitioner was not entitled to relief on this ground. First, the Petitioner does not attach the statements, and the statements are not in the record. Also, the Petitioner failed to provide the contents of the statements and failed to assert how these statements may have resulted in a different judgment.

Issue (5) regarding proper jail credits and issue (6) regarding the ineffective assistance of counsel are not appropriate grounds for relief pursuant to a *writ of error coram nobis*.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the judgment of

-3-

the trial court.

_____

ROBERT W. WEDEMEYER, JUDGE